IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TANA McCOY                                                                       PLAINTIFF

v.                                  Civil No. 6:24-cv-06125

HOT SPRINGS POLICE
DEPARTMENT, *et al*                                                      DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Tana McCoy, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff maintains her rights under the Fourth, Sixth and Fourteenth Amendments have been violated by the Defendants.

Plaintiff filed a Complaint on September 16, 2024. ECF No. 1. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

**I.**     **Background:**

Plaintiff has named as Defendants the Hot Springs Police Department and the Arkansas State Police, along with Chief Chris Chapmond ("Chapmond"), Detective Matthew Cheatham ("Cheatham"), Director Bill Bryant ("Bryant"), and Corporal Ron Casey ("Casey") all in their Official Capacities. ECF No. 1. Plaintiff also named the Office of the Prosecutor of Garland County and Prosecuting Attorney Michelle Lawrence in her "Personal" and Official Capacity. *Id*.

Plaintiff's lawsuit seeks damages as a result of an incident wherein Plaintiff was arrested for operating a stolen vehicle. Plaintiff claims she was the actual owner of the vehicle. *Id*.

## II.     Applicable Law:

Under the § 1915(e)(2)(B), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    Discussion:

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant

acted under color of state law and that (2) he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### A. Prosecutorial Immunity

Plaintiff's claims against Office of the Prosecutor of Garland County and Prosecuting Attorney Michelle Lawrence must be dismissed because prosecutors are immune from suit when acting within the scope of their job as a prosecutor. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Here, Plaintiff's factual allegations against the prosecutors are for their actions in acting as an advocate for the state. Thus, Plaintiff's claims against them must be dismissed.

Furthermore, the Prosecutors' Office is not a person or legal entity subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are persons under § 1983"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "entities suable as such"); *Zapata v. Public Defenders Office*, 252 Fed. Appx. 237, 239 (10th Cir. 2007) (public defenders' office is not a person subject to suit under § 1983); *Dingman v. Barron*, Case No. 5:13-cv-05117, 2014 WL 584757, * (W.D. Ark. Feb. 13, 2014).

**B. Sovereign Immunity**

The Court turns to consideration of the official capacity claims against Defendant Michelle Lawrence. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, § 20. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.' " *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did

4

Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendant Michelle Lawrence are barred by the Eleventh Amendment.

### C. Claims Against the Hot Springs Police Department and Arkansas State Police

The Hot Springs Police Department and Arkansas State Police are not considered to be persons or legal entities subject to suit. *See e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (police department not a juridical entity suable as such); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Plaintiff's claims against the Hot Springs Police Department and Arkansas State Police are subject to dismissal.

### D. Officer Claims

At this stage of the case, the Court need only determine whether Plaintiff has alleged sufficient factual matter to assert "plausible" claims against Defendants Chapmond, Cheatham, Bryant, and Casey all in their Official Capacities. The Court believes that plausible claims have been stated against these Defendants.

### IV. **Conclusion**:

For the reasons stated above, I recommend the following:

(1) That the individual capacity claims against Defendant Lawrence be dismissed on the grounds she is immune from suit.

(2) That the official capacity claims against Defendant Lawrence, be dismissed as they are barred by the Eleventh Amendment. And,

5

(3) That the claims against Defendants Office of the Prosecutor of Garland County, the Hot Springs Police Department, and the Arkansas State Police, be dismissed as they are not legal entities subject to suit.

Adoption of these recommendations would result in the dismissal of all claims against Defendants Lawrence, Office of the Prosecutor of Garland County, the Hot Springs Police Department, and the Arkansas State Police.  Only the claims against Defendants Chapmond, Cheatham, Bryant, and Casey remain for further resolution.  By separate order, the Complaint will be served upon them.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of October 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE